IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No.: 2:20-cv-22

| | |
|---|---|
| LITITZ MUTUAL INSURANCE COMPANY a/s/o RANDY JOHNSON | : : : |
| Plaintiff, | : : |
| v. | : **COMPLAINT** : **(JURY TRIAL DEMANDED)** : |
| MTD PRODUCTS INC.; CUB CADET LLC; and KOHLER CO. | : : : |
| Defendants. | : : |

# COMPLAINT

Plaintiff, Lititz Mutual Insurance Company as subrogee of Randy Johnson, by and through its undersigned attorneys, states by way of Complaint against Defendants, MTD Products Inc., Cub Cadet LLC and Kohler Co.:

## PARTIES

1. Plaintiff, Lititz Mutual Insurance Company (hereinafter "Lititz"), is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 2 North Broad Street, Lititz, Pennsylvania 17543 and at all times relevant hereto was in the business of issuing property insurance policies.

2. At all times relevant hereto, Lititz was duly authorized to transact business and issue insurance policies in the State of North Carolina.

3. Defendant, MTD Products Inc., is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 5965 Grafton Road, Valley City, Ohio 44280.

1

4. Defendant, Cub Cadet LLC, is a foreign limited liability company organized and existing under the laws of the State of Ohio with its principal place of business located at 5903 Grafton Road, Valley City, Ohio 44280. MTD Products Inc. and Cub Cadet LLC will be collectively referred to as "the MTD Defendants."

5. Defendant, Kohler Co., is a foreign company organized and existing under the laws of the State of Wisconsin with its principal place of business located at 444 Highland Drive, Kohler, Wisconsin 53044.

## JURISDICTION

6. Plaintiff, Lititz, and Defendants, MTD Products Inc., Cub Cadet LLC, and Kohler Co., are citizens of different states. As such, diversity exists between Plaintiff and Defendants.

7. The amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs.

8. Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

## VENUE

9. Pursuant to 28 U.S.C.A. § 1391, venue is proper in the United States District Court for the Eastern District of North Carolina because it is the judicial district within which a substantial part of the events giving rise to Plaintiff's claim occurred, which is 822 Wakelon Road, Windsor, North Carolina 27983.

## FACTUAL BACKGROUND

10. At all times relevant hereto, Lititz's insured, Randy Johnson (hereinafter "Plaintiff's Insured"), owned and occupied a residential property located at 822 Wakelon Road, Windsor, North Carolina 27983 (hereinafter "the Property").

11. At all times relevant hereto, Lititz issued a policy of insurance under Policy No. 0110013 (hereinafter "the Policy") to Randy Johnson. Said policy covered the real and personal property of Randy Johnson and insured against other losses.

12. At all times relevant hereto, the MTD Defendants were and are entities engaged in the business of assembling, designing, fabricating, manufacturing, marketing, servicing, inspecting, maintaining, warranting, distributing, selling and placing into the stream of commerce Cub Cadet riding lawnmowers.

13. At all times relevant hereto, Kohler Co. was and is an entity engaged in the business of assembling, designing, fabricating, manufacturing, marketing, servicing, inspecting, maintaining, warranting, distributing and selling engines and component parts incorporated within the Cub Cadet riding lawnmowers manufactured by the MTD Defendants.

14. At all times relevant hereto, the MTD Defendants knew and intended that its Cub Cadet riding lawnmowers would be used by members of the general public and knew of the specific uses, purposes and requirements for which its riding lawnmowers would be utilized.

15. By placing said lawnmowers on the market for sale, the MTD Defendants represented that the lawnmowers would safely operate and perform the uses for which they were intended and that, in all respects, the lawnmowers were of merchantable quality.

16. Prior to June 6, 2017, Plaintiff's Insured purchased a Cub Cadet riding lawnmower (hereinafter "the subject lawnmower").

17. Prior to June 6, 2017, the MTD Defendants designed, fabricated, manufactured, assembled, distributed, tested, inspected, sold and otherwise placed in the stream of commerce the subject lawnmower.

3

Case 2:20-cv-00022-D   Document 1   Filed 04/27/20   Page 3 of 13

18. Upon information and belief, prior to June 6, 2017, Kohler Co. designed, fabricated, manufactured, assembled, distributed, tested, inspected, and/or sold the engine, and/or other component parts incorporated within the subject lawnmower.

19. On or about June 6, 2017, a fire erupted at the Property, which originated at the subject lawnmower located in the garage of the Property (hereinafter "the Fire Loss").

20. The Fire Loss was caused by the defective design and/or manufacture of the subject lawnmower and/or its component parts.

21. The subject lawnmower and/or its component parts were defective at the time the subject lawnmower was sold to Plaintiff's Insured.

22. The subject lawnmower and/or its component parts were not subject to any form of misuse, alteration, abnormal use or wear and were in substantially the same condition on June 6, 2017 as they were on the date of purchase.

23. Defendants placed the subject lawnmower into the stream of commerce in a defective condition unreasonably dangerous to Plaintiff's Insured.

24. The Fire Loss was caused by the negligent and careless acts and/or omissions of Defendants in their assembling, designing, fabricating, distributing, manufacturing, marketing, servicing, inspecting, maintaining, warranting and/or selling the subject lawnmower and its related component parts.

25. As a direct and proximate result of the Fire Loss, Plaintiff's Insured suffered significant damages to his real and personal property and sustained certain other losses in an amount in excess of $75,000.00.

26. In accordance with the terms and conditions of the Policy, Plaintiff was required to and did make payments to its insured or on behalf of its insured in an amount in excess of $75,000.00 for damages sustained as a result of the Fire Loss.

27. By virtue of Plaintiff's payments made to its insured, Plaintiff is now subrogated to the extent of said payments to the rights of recovery that Plaintiff's Insured possessed against all Defendants.

### COUNT I– NEGLIGENCE
### Plaintiff v. All Defendants

28. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein at length.

29. Defendants owed a duty to Plaintiff's Insured to properly manufacture, design, fabricate, assemble, test, inspect, distribute, and/or sell the subject lawnmower and/or its related component parts in a careful, professional and non-negligent manner.

30. Defendants owed a duty to Plaintiff's Insured to properly manufacture, design, fabricate, assemble, test, inspect, distribute, and/or sell the subject lawnmower and/or its related component parts in a manner which would not create a dangerous condition and/or increase the risk of harm to the Property.

31. Defendants owed a duty to Plaintiff's Insured to hire competent employees, agents, representatives, contractors and/or subcontractors to manufacture, design, fabricate, assemble, test, inspect, distribute, and/or sell the subject lawnmower and/or its related component parts.

32. Defendants owed a duty to Plaintiff's Insured to manufacture and/or design the subject lawnmower and/or its related component parts in a manner that safeguarded the general

5

public from the risk of fire as a result of the sudden and catastrophic failure of the subject lawnmower and/or its related component parts.

33. Defendants owed a duty to Plaintiff's Insured to exercise reasonable and/or due care under the circumstances then and there existing.

34. Defendants carelessly and negligently breached all the above-described duties by:

    a. Failing to properly and safely design, fabricate, manufacture, assemble, test, inspect, distribute and/or sell a Cub Cadet riding lawnmower and all of its related component parts that Defendants knew or reasonably should have known would subject Plaintiff's Insured and its property to an unreasonable risk of harm;

    b. Failing to exercise reasonable care to protect Plaintiff's Insured's property from being damaged by the subject lawnmower and all of its related component parts;

    c. Failing to design, fabricate, manufacture, assemble, test, inspect, distribute, and/or sell the subject lawnmower and all of its related component parts that was safe for all reasonably foreseeable uses;

    d. Manufacturing, designing, fabricating, assembling, inspecting, testing, selling and/or distributing a Cub Cadet riding lawnmower and all of its related component parts that Defendants knew or reasonably should have known subjected Plaintiff's Insured and its property to an unreasonable risk of fire;

    e. Failing to provide adequate warnings and instructions regarding the risk of fire and possible resultant damage to real and personal property;

6

f. Failing to comply with applicable local, state and federal statutes, codes, regulations and generally recognized safety practices and standards;

g. Failing to comply with industry standards and guidelines;

h. Failing to test and/or inspect the subject lawnmower and all of its related component parts to determine whether they could be used without posing a risk of injury to life and/or to property;

i. Failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during the operation of the product;

j. Failing to warn users about the defective condition of the subject lawnmower and its related component parts;

k. Negligently and carelessly designing, fabricating, manufacturing, distributing, assembling, supplying and/or selling the subject lawnmower without adequate instructions, warnings, safeguards and/or protective devices;

l. Putting on the market a product, which Defendants knew, or reasonably should have known, was defective in design and would cause injury to the ultimate user of same; and

m. Otherwise failing to use due care, as to be disclosed during the course of discovery.

35. The aforementioned defects and/or defective conditions existed at the time the subject lawnmower left the possession and/or control of Defendants.

36. The Fire Loss and resultant damages occurred as a direct and proximate result of Defendants' careless and negligent conduct, acts and/or omissions as averred above.

37. As a result of the Fire Loss and resultant damage, Plaintiff's Insured suffered damages to his real and personal property and sustained certain other losses in an amount in excess of $75,000.00.

38. As a result of Defendants' negligence and the resulting Fire Loss, and pursuant to the terms and conditions of the Policy, Lititz made payments to or on behalf of its insured in an amount in excess of $75,000.00.

39. By virtue of the payments made to its insured and pursuant to the terms and conditions of the Policy, Plaintiff, Lititz, is legally, equitably, and contractually subrogated to the rights of its insured with regard to all claims against Defendants.

## COUNT II- PRODUCTS LIABILITY N.C. GEN. STAT. § 99B
**Plaintiff v. All Defendants**

40. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein at length.

41. Defendants designed, fabricated, manufactured, assembled, distributed, sold and otherwise placed in the stream of commerce the subject lawnmower and its component parts which is the subject of this lawsuit.

42. The North Carolina Product Liability Act (hereinafter "the Act"), N.C. Gen. Stat. § 99B, defines a "manufacturer" as "a person or entity who designs, assembles, fabricates, produces, constructs or otherwise prepares a product or component part of a product prior to its sale to a user or consumer, including a seller owned in whole or significant part by the manufacturer or a seller owning the manufacturer in whole or significant part."

43. The MTD Defendants and Kohler Co. are manufacturers of the subject lawnmower and/or its component parts as defined by N.C. Gen. Stat. § 99B.

44. Under the Act, Defendants, as manufacturers of the subject lawnmower and its component parts, owed a duty to Plaintiff's Insured to design, assemble, fabricate, produce and/or manufacture a product that was reasonably safe in design and formulation at the time the product was manufactured and left the control of Defendants.

45. Under the Act, Defendants, as manufacturers of the subject lawnmower and its component parts, owed a duty to Plaintiff's Insured to act reasonably in providing adequate warnings or instructions.

46. The subject lawnmower was unreasonably dangerous and defective in that it created an unreasonable risk of serious harm to the intended users and/or operators.

47. Defendants breached their duties to Plaintiff's Insured by failing to properly manufacture, design, fabricate, assemble, test, inspect, distribute, and/or sell the subject lawnmower and/or its related component parts in a manner which would not create a dangerous condition and/or increase the risk of harm to the Property.

48. Defendants breached their duties to Plaintiff's Insured by unreasonably failing to adopt a safer, practical, feasible and otherwise reasonable alternative design or formulation which would have prevented or substantially reduced the risk of harm to Plaintiff's Insured, without substantially impairing the usefulness, practicality or desirability of the subject lawnmower.

49. Defendants breached their duties to Plaintiff's Insured by failing to provide adequate warnings or instructions which created an unreasonably dangerous condition that Defendants knew, or should have known in the exercise of ordinary care, posed a substantial risk of harm to its' consumers.

50. Since the subject lawnmower and/or its components parts manufactured, fabricated, designed, and/or assembled by Defendants was not reasonably safe in design or formulation, Defendants breached their duties to Plaintiff's Insured and are liable to Plaintiff for the injury and other damages proximately caused by their manufacture and distribution of an unreasonably safe product.

51. As a direct and proximate result of the defective condition of the subject lawnmower and its component parts, Plaintiff's Insured suffered damages to his real and personal property and sustained certain other losses in an amount in excess of $75,000.00.

52. As a result of the Fire Loss and resultant damages, and pursuant to the terms and conditions of the Policy, Lititz made payments to or on behalf of its insured in an amount in excess of $75,000.00.

53. By virtue of the payments made to its insured and pursuant to the terms and conditions of the Policy, Plaintiff, Lititz, is legally, equitably, and contractually subrogated to the rights of its insured with regard to all claims against Defendants.

**COUNT III – BREACH OF EXPRESS WARRANTY, IMPLIED WARRANTY OF MERCHANTABILITY & IMPLIED WARRANTY OF FITNESS FOR PARTIUCLAR PURPOSE**
**Plaintiff v. All Defendants**

54. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 53 of this Complaint as if fully set forth herein at length.

55. Defendants expressly and/or impliedly warranted that the subject lawnmower and its component parts were of merchantable quality, free from defects, constructed of adequate and sufficient material, and properly designed so as to be fit for the purpose for which they were intended.

56. Defendants breached their express and/or implied warranties by:

a. Manufacturing, designing, fabricating, testing, inspecting, distributing, assembling, and/or selling the defective Cub Cadet lawnmower and/or its related components parts;

b. Manufacturing, designing, fabricating, testing, inspecting, distributing, assembling, and/or selling the defective Cub Cadet lawnmower and/or its related component parts which were not of merchantable quality;

c. Manufacturing, designing, fabricating, testing, inspecting, distributing, assembling, and/or selling the subject lawnmower and/or its related component parts which were not fit for the ordinary purposes for which they were designed and used; and

d. Failing to ensure that the subject lawnmower and/or its related component parts were free from any and all defects before said product left Defendants' possession, custody and/or control.

57. The above-described breaches by Defendants constituted the cause in fact and the direct and proximate cause of the Fire Loss and the resultant damages.

58. Defendants received timely notice of the above-described breaches which were the direct and proximate cause of the Fire Loss and resultant damages.

59. As a direct and proximate result of the Fire Loss, Plaintiff's Insured, sustained damages to his real and business personal property and certain other losses in an amount in excess of $75,000.00.

60. As a result of the Fire Loss, Plaintiff has made payments to or on behalf of its insured in an amount in excess of $75,000.00, in accordance with the terms and conditions of the Policy.

11

61. By virtue of the payments made to its insured and pursuant to the terms and conditions of the Policy, Plaintiff, Lititz, is legally, equitably, and contractually subrogated to the rights of its insured with regard to all claims against Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Lititz Mutual Insurance Company as subrogee of Randy Johnson, prays for judgement against the Defendants as follows:

1). That Plaintiff have and recover damages from MTD Products Inc., Cub Cadet LLC and Kohler Co., individually, jointly, and severally, in an amount to be determined at trial for their negligence and breach of express warranty, implied warranty of merchantability, and implied warranty of fitness;

2). That Plaintiff have and recover damages from MTD Products Inc., Cub Cadet LLC and Kohler Co., individually, jointly, and severally, in an amount to be determined at trial for product liability pursuant to N.C. Gen. Stat. § 99b.

3). That Defendants be taxed with the costs of this action, including reasonable attorney fees as allowed by law, expenses, prejudgment interest, etc.;

4) That all issues so triable, be tried to a jury; and

5). For any other relief this Court deems just and proper under the circumstances.

Respectfully submitted this the 27th day of April 2020.

**DeVORE, ACTON & STAFFORD, P.A.**

/s/F. William DeVore, IV
F. William DeVore, IV, N.C. State Bar No. 39633
wdevore@devact.com
438 Queens Road
Charlotte, NC  28207
Telephone: (704) 377-5242
Facsimile: (704) 332-2825
*Attorney for Plaintiffs*

**Stutman Law**
Michael Wallace
20 East Taunton Road, Suite 403
Berlin, New Jersey 08009
Phone: 856-767-6800
Email: wallacem@StutmanLaw.com
*To be admitted pro hac vice*