# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION
# CIVIL ACTION NO. 2:20-CV-00022-D

| | |
|---|---|
| **LITITZ MUTUAL INSURANCE COMPANY A/S/O RANDY JOHNSON,**<br><br>　　　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**MTD PRODUCTS, INC., CUB CADET, LLC, AND KOHLER CO.,**<br><br>　　　　　　　　　　　　**Defendants.** | **ANSWER OF DEFENDANTS MTD PRODUCTS, INC. AND CUB CADET, LLC** |

**NOW COME** Defendants MTD Products, Inc. and Cub Cadet, LLC (hereinafter "these answering Defendants"), by and through counsel, and answer the Plaintiff's Complaint as follows:

## ANSWER AND FIRST DEFENSE

1. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 1 and as such deny the same.

2. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 2 and as such deny the same.

3. These answering Defendants admit that MTD Products, Inc. is incorporated in the State of Delaware with its principle place of business located at 5903 Grafton Road, Valley City, Ohio 44280. To the extent there are any remaining allegations in Paragraph 3, they are denied.

4. These answering Defendants admit that Cub Cadet, LLC is a limited liability company formed under the laws of the State of Ohio with its principle place of business located at 5903 Grafton Road, Valley City, Ohio 44280. To the extent there are any remaining allegations in Paragraph 4, they are denied.

5. The allegations in Paragraph 5 are not directed to these answering Defendants and therefore no response is required. To the extent a response is required, such allegations are admitted, upon information and belief.

6. With regard to the allegations in Paragraph 6, it is admitted that Plaintiff and Defendants are citizens of different states. The remaining allegations in Paragraph 6 state a conclusion of law to which no response is required.

7. In regard to Paragraph 7, these answering Defendants admit only that the controversy exceeds $75,000 but deny any liability to Plaintiff.

8. The allegations in Paragraph 8 state a conclusion of law to which no response is required.

9. With regard to the allegations in Paragraph 9, it is admitted, upon information and belief, that the events giving rise to this action occurred at or near 822 Wakelon Road, Windsor, North Carolina 27983. The remaining allegations in Paragraph 9 state a conclusion of law to which no response is required.

10. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 10 and as such deny the same.

11. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 11 and as such deny the same.

12. These answering Defendants admit only that MTD Products, Inc. is in the business of assembling, designing, fabricating, manufacturing, marketing, inspecting, distributing and placing certain riding lawnmowers, including those sold under the Cub Cadet brand into the stream of commerce. Answering further, these answering Defendants admit that Cub Cadet, LLC provides written warranties with Cub Cadet branded riding lawnmowers. All remaining allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 are not directed to these answering Defendants and therefore no response is required.

14. These answering Defendants admit only that MTD Products, Inc. distributes certain riding lawnmowers for sale to capable adults in the general public, including those sold under the Cub Cadet brand. Except as admitted, the remaining allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 state conclusions of law to which no response is required. To the extent a response is required, it is admitted that the riding lawnmowers distributed by MTD Products, Inc., including those sold under the Cub Cadet brand, operate safely and perform the uses for which they are intended when used as instructed and are of merchantable quality. Except as admitted, the remaining allegations in Paragraph 15 are denied.

16. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 16 and as such deny the same.

17. In regard to Paragraph 17, these answering Defendants admit only that MTD Products, Inc. is in the business of designing, fabricating, manufacturing, assembling, distributing, testing and placing certain riding lawnmowers in the stream of commerce, including those sold under the Cub Cadet brand but denies for lack of knowledge or information sufficient to form a belief as to the subject lawnmower identified herein.

18. The allegations in Paragraph 18 are not directed to these answering Defendants and therefore no response is required.

19. With regard to the allegations in Paragraph 19, it is admitted that on or about June 6, 2017, there was a fire at the subject property. Except as admitted, the allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 are denied.

22. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 22 and as such deny the same.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 25 and as such deny the same.

26. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 26 and as such deny the same.

27. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 27 and as such deny the same.

28. In response to Paragraph 28, these answering Defendants incorporate by reference their responses to all prior allegations in the Complaint.

29. The allegations in Paragraph 29 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

30. The allegations in Paragraph 30 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

31. The allegations in Paragraph 31 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

32. The allegations in Paragraph 32 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

33. The allegations in Paragraph 33 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

34. The allegations in Paragraph 34, including all sub-parts, are denied.

35. The allegations in Paragraph 35 are denied.

36. The allegations in Paragraph 36 are denied.

37. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 37 and as such deny the same.

38. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 38 and as such deny the same.

39. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 39 and as such deny the same.

40. In response to Paragraph 40, these answering Defendants incorporate by reference their responses to all prior allegations in the Complaint.

41. In regard to Paragraph 41, these answering Defendants admit only that MTD Products, Inc. is in the business of designing, fabricating, manufacturing, assembling, distributing, testing and placing certain riding lawnmowers in the stream of commerce, including those sold under the Cub Cadet brand but deny for lack of knowledge or information sufficient to form a belief as to the subject lawnmower identified herein.

42. The allegations in Paragraph 42 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that the referenced statute speaks for itself, and otherwise denied.

43. The allegations in Paragraph 43 state a conclusion of law to which no response is required. To the extent a response is required, these answering Defendants admit only that MTD Products, Inc. is in the business of designing, fabricating, manufacturing, assembling, distributing, testing and placing certain riding lawnmowers in the stream of commerce, including those sold under the Cub Cadet brand but denies for lack of knowledge or information sufficient to form a belief as to the subject lawnmower indentified herein. and/or its component parts.

44. The allegations in Paragraph 44 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

45. The allegations in Paragraph 45 state a conclusion of law to which no response is required. To the extent a response is required, it is admitted that these answering Defendants owed those duties imposed upon them by applicable law, and otherwise denied.

46. The allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 are denied.

48. The allegations in Paragraph 48 are denied.

49. The allegations in Paragraph 49 are denied.

50. The allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

52. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 52 and as such deny the same.

53. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 53 and as such deny the same.

54. In response to Paragraph 54, these answering Defendants incorporate by reference their responses to all prior allegations in the Complaint.

55. The allegations in Paragraph 55 state conclusions of law to which no response is required. To the extent a response is required, these answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 55 and as such deny the same.

56. The allegations in Paragraph 56, including all sub-parts, are denied.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are denied.

59. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 59 and as such deny the same.

60. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 60 and as such deny the same.

61. These answering Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 61 and as such deny the same.

## **SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state any claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

These answering Defendants are insulated from liability pursuant to N.C. Gen. Stat. § 99B-3 to the extent that a proximate cause of Plaintiff's damages was either an alteration or modification of the subject product by a party other than these answering Defendants which occurred after the product left these answering Defendants' control.

### FOURTH DEFENSE

These answering Defendants are insulated from liability pursuant to N.C. Gen. Stat. § 99B-4(1) to the extent that the subject product was used in a manner contrary to its instructions and warnings.

### FIFTH DEFENSE

These answering Defendants are insulated from liability pursuant to N.C. Gen. Stat. § 99B-4(2) to the extent that plaintiff's insured knew of or discovered a defect or dangerous condition of the subject product that was inconsistent with the safe use of the product.

### SIXTH DEFENSE

These answering Defendants are insulated from liability pursuant to N.C. Gen. Stat. § 99B-4(3) and pursuant to the doctrine of contributory negligence to the extent that plaintiff's insured failed to exercise reasonable care under the circumstances in the use of the subject product.

### SEVENTH DEFENSE

To the extent not alleged above, Plaintiff is barred from recovering of these answering Defendants, pursuant to the Products Liability Act, N.C. Gen. Stat. § 99B.

### EIGHTH DEFENSE

The subject product was not unreasonably dangerous or defective and was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient instructions

and warnings.

## NINTH DEFENSE

These answering Defendants plead a lack of causation as a bar to each and every claim asserted by Plaintiff.

## TENTH DEFENSE

Plaintiff's warranty claims are barred by lack of privity.

## ELEVENTH DEFENSE

Plaintiff's warranty claims are barred by lack of any express or implied warranty. These answering Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to the Plaintiff. If any such warranties were made, whether expressed or implied, then Plaintiff failed to give timely notice of any breach thereof.

## TWELFTH DEFENSE

The methods, standards, and techniques utilized with respect to the manufacture, design, sale, and marketing of the subject product, if any, included adequate warnings and instructions with respect to the product's use and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the relevant time.

## THIRTEENTH DEFENSE

The subject product met standards of the state of the art and the state scientific knowledge at the time of its design and manufacture, to the extent of the knowledge then available to the relevant community.

## FOURTEENTH DEFENSE

Plaintiff's claims, or any of them, are barred because any and all warnings provided by these answering Defendants were adequate.

## FIFTEENTH DEFENSE

Plaintiff's claims, or any of them, are barred because these answering Defendants had no duty to warn regarding any possible dangers which were not known at the time of manufacture and sale of the subject product.

## SIXTEENTH DEFENSE

Plaintiff's claims fail to the extent they are barred by the applicable statute of limitations and/or statute of repose.

## SEVENTEENTH DEFENSE

These answering Defendants specifically reserve the right to amend their Answer by adding defenses, counterclaims, cross claims or by instituting third party actions which might come to its attention or might be developed during discovery as additional facts are obtained.

## EIGHTEENTH DEFENSE

The Plaintiff's claims, or any of them, are barred because the harm alleged was caused by an inherent aspect of the product which could not be eliminated without compromising its usefulness.

## NINETEENTH DEFENSE

The Plaintiff's claims, or any of them, are barred due to the fact that there was no practical or technical feasible design or formulation that would have prevented the harm alleged by the Plaintiff without substantially impairing the usefulness or intended purpose of the product.

**WHEREFORE,** having fully answered the Plaintiff's Complaint, Defendants MTD Products, Inc. and Cub Cadet, LLC pray the Court as follows:

1. That the Plaintiff have and recover nothing of these answering Defendants in this action, and that this action be dismissed;

2. That all issues of fact be tried before a jury;

3. That the costs of this action be taxed against the Plaintiff; and

4. For such other and further relief as the Court may deem just and proper.

**THIS THE 26TH DAY OF MAY, 2020.**

                        **/s/C. ROB WILSON**
                        **C. Rob Wilson**
                        **NC State Bar No. 41688**
                        **Hedrick Gardner Kincheloe & Garofalo, LLP**
                        **4131 Parklake Avenue, Suite 300**
                        **Raleigh, NC 27612**
                        **Phone: 919-719-2835**
                        **Fax:   919-832-9425**
                        **rwilson@hedrickgardner.com**
                        ***Attorneys for Defendants MTD Products, Inc. and Cub Cadet, LLC***

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

> F. William DeVore, IV
> DeVore, Acton & Stafford, PA
> 438 Queens Road
> Charlotte, NC 28207
> wdevore@devact.com
> *Attorney for Plaintiff*
>
> Randall R. Adams
> Poyner & Spruill, LLP
> PO Box 353
> Rocky Mount, NC 27802-0353
> rradams@poynerspruill.com
> *Attorney for Defendant Kohler Co.*

> **/s/C. ROB WILSON**
> **C. Rob Wilson**
> **NC State Bar No. 41688**
> **Hedrick Gardner Kincheloe & Garofalo, LLP**
> **4131 Parklake Avenue, Suite 300**
> **Raleigh, NC 27612**
> **Phone: 919-719-2835**
> **Fax: 919-832-9425**
> **rwilson@hedrickgardner.com**
> ***Attorneys for Defendants MTD Products,***
> ***Inc. and Cub Cadet, LLC***